**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30233 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-02104-FVS-1 |
| v. | |
| MICHAEL JOSEPH NAVARRO, AKA Michael Joseph Allred, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted July 13, 2012
Seattle, Washington

Before: SCHROEDER, KLEINFELD, and M. SMITH, Circuit Judges.

Appellant-Defendant Michael Navarro ("Navarro") appeals his jury

conviction of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g)(1). He contends that he was prejudiced by two evidentiary errors at trial

and that the district court should have granted his motion for judgment of acquittal.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Navarro first argues that pursuant to the Federal Rules of Evidence, Rules 403 and 404(b), the district court should have excluded testimony about why law enforcement stopped him on the street, because this was inadmissible "other act" evidence. Such evidence, however, may be admitted without regard to Rule 404(b) so long as it is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). Here, the challenged testimony was inextricably intertwined with Navarro's arrest and provided the context in which the charged crime occurred. *See United States v. Collins*, 90 F.3d 1420, 1428–29 (9th Cir. 1996). Thus, the district court did not err in admitting this testimony. *See United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

Navarro's second argument is that the district court erred in admitting evidence about his gang membership. The Government responds that defense counsel opened the door to this evidence. The defense and not the Government introduced evidence about gangs, suggesting that someone in the gang and not Navarro had the gun. The district court allowed the evidence of Navarro's gang membership. While Navarro contends he did not open the door for evidence of his own gang membership, we review for abuse of discretion and there is no clear abuse. And even assuming that defense counsel did not open the door, and the

2

district court abused its discretion in admitting the evidence, the admission of this evidence was harmless. The Government presented eye-witness testimony about Navarro's flight from law enforcement, which led Navarro past the location where the gun was found; law enforcement officers testified that no other individuals were seen in the area during, or after, the pursuit; red fibers taken from the gun were chemically and physically similar to a thread taken from the pocket of Navarro's red sweat pants; a thermal imaging device revealed that the gun had been handled recently; and Navarro's DNA profile could not be excluded from the mixed DNA sample taken from the gun.

Because there is sufficient evidence in the record to sustain the conviction, the district court did not err in denying the motion for judgment of acquittal. *See United States v. Nevils*, 598 F.3d 1158, 1164–65, 1168–69 (9th Cir. 2010) (en banc); *see also United States v. Yoshida*, 303 F.3d 1145, 1151 (9th Cir. 2002).

**AFFIRMED**.